# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MARK A. WEISS,

               Petitioner,

      v.                                    Case No. 25-CV-27

SUE DEHAAN,[1]

               Respondent.

---

## DECISION AND ORDER

---

Mark A. Weiss is incarcerated at the Wisconsin Resources Center after having pled guilty to arson of his estranged father's garage. On January 6, 2025, he filed a petition for a writ of habeas corpus. The Honorable Nancy Joseph screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer or otherwise respond to the petition. (ECF No. 6.)

The respondent filed a motion to dismiss on March 24, 2025 (ECF No. 12), and the action was reassigned to this court. That motion to dismiss is now ready for resolution.

A federal court generally cannot grant a petition for a writ of habeas corpus unless the petitioner first exhausts the remedies available to him in state court. 28

---

[1] "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases. The caption is amended to name as the respondent the official in charge of the Wisconsin Resource Center where the petitioner is incarcerated.

U.S.C. § 2254(b)(1)(A). Exhaustion requires the petitioner to present a claim to every level of the state court system using any available procedure. *Johnson v. Sevier*, 138 F.4th 1032 (7th Cir. 2025).

If a petitioner simply failed to exhaust his claims, the federal court would dismiss the petition without prejudice with the idea being the petitioner could present his claims in state court and return to federal court should the state court not provide relief. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). However, if the petitioner failed to exhaust his claims and there is no longer any means by which he could exhaust his remedies and return to federal court, his claims are procedurally defaulted, and the court will dismiss the petition with prejudice. *See id.*

Following his conviction, Weiss sought to withdraw his guilty plea. The sole claim he raised was that it was improper for the court to hold his plea hearing by videoconference. (ECF No. 13-3.) When the circuit court denied Weiss's motion (ECF No. 13-2), he appealed, and the Wisconsin Court of Appeals affirmed (ECF No. 13-1). The Wisconsin Supreme Court denied his petition for review on October 7, 2024. (ECF No. 13-5.)

In his petition, Weiss presents two claims. The first is vague. He refers to the First, Fifth, and Fourteenth Amendments, and complains that police violated his rights under *Miranda* and took his work clothes. He asserts that he never gave any statement, but then he discusses what he told the police officers. (ECF No. 1 at 4.) He then argues that there is no evidence that he committed the crime he was convicted

of. (ECF No. 1 at 4.) His second claim is more straightforward—there is insufficient evidence that he committed the crime.

The respondent argues that Weiss's claims are procedurally defaulted because Wisconsin's collateral attack procedure, *see* Wis. Stat. § 974.06, precludes any claim that could have been presented in a direct appeal. (ECF No. 13 at 6 (quoting *Page v. Frank*, 343 F.3d 901, 906 (7th Cir. 2003))); *see also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157, 162 (1994).

The claims in Weiss's petition are both unexhausted and procedurally defaulted. He never presented his claims to a full round of review by the Wisconsin courts, and therefore they are unexhausted. Nor could he do so now because the claims could have (and therefore must have) been presented in his direct appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 181, 517 N.W.2d at 162. Although the procedure recognized in *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), may provide a means by which Weiss could present otherwise foreclosed claims through the lens of an ineffective assistance of appellate counsel claim, a *Knight* petition would not result in exhaustion of the specific claims contained in his petition presently before the court. Therefore, the claims are procedurally defaulted.

There are two exceptions to procedural default: (1) cause and prejudice; or (2) actual innocence. *Wilson v. Cromwell*, 69 F.4th 410, 420-21 (7th Cir. 2023).

Weiss submitted various documents in response to the respondent's motion. (ECF Nos. 14, 15, 16, 18, 19, 20, 21, 22.) The gist of Weiss's argument is that he is not guilty of the crime he pled guilty to. He insists that he pled guilty only because his

attorney would not assist him. According to Weiss, he simply happened to come across his father's garage ablaze in the early morning hours. He then rushed to awaken his father and his father's girlfriend by pounding on the bedroom windows. He attributed the fire to an electrical problem in the car that had been parked in the garage. That the personal property that Weiss had been storing in the garage had been removed and placed on the lawn before the fire was the result of an unrelated contemporaneous burglary committed by an unknown third-party.

"The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1996)); *see also Holleman v. Cotton*, 301 F.3d 737, 744 (7th Cir. 2002) ("To show cause, the petitioner must show that some 'external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim.'" (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991))). Although ineffective assistance of counsel can, under some circumstances, "serve as cause to excuse the procedural default of another habeas claim," *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), such a claim must usually first be "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default," *Murray*, 477 U.S. at 489. Weiss has not presented any form of ineffective assistance of counsel claim in state court, and therefore such a claim

4

cannot excuse his procedural default. Weiss does not present anything else that might constitute cause to excuse his default.

"In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. This is a demanding standard that is seldom met. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013); *see also Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) ("The actual innocence gateway is narrow.").

Notwithstanding his protestations, Weiss has failed to demonstrate he is actually innocent of arson. A reasonable finder of fact could discredit Weiss's assertion that he happened to see the fire and that he alerted the sleeping occupants of the home. The fact that much of Weiss's personal property had been fortuitously removed from the garage (ECF No. 13-6 at 4) before the fire undermines that version. A jury could further disbelieve his version that on the morning of the fire, he was walking from a friend's house to McDonalds, past his father's house, and noticed that his father's garage had been burglarized and Weiss's personal properly placed out on

the lawn. Weiss nonetheless continued to McDonalds, only to again pass his father's house on his return trip and this time notice the garage ablaze. (ECF No. 14 at 2, 5.)

The court also notes that this was not the version Weiss initially gave to investigators. He reported that he went to his father's home at 5:30 AM—despite a court order that he not have any contact with his father or the residence—to work on his motorcycle that his father had been storing, and while he was working on it, the car in the garage spontaneously burst into flames. (ECF No. 13-6 at 5.) Other witnesses reported that Weiss made no effort to alert the occupants of the home and instead demanded that firefighters ensure the safety of his motorcycle before knocking down the fire in the garage. (ECF No. 13-6 at 4-5.)

Weiss has fallen far short of demonstrating that no reasonable juror could have found him guilty and consequently he has failed to demonstrate that his procedural default should be excused because he is actually innocent. Accordingly, the court must deny Weiss's petition for a writ of habeas corpus.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Weiss a certificate of appealability. Because the court is denying the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that, for the reasons set forth above, no reasonable jurist could

conclude either that Weiss has not procedurally defaulted the claims in his petition

or that his procedural default should be excused. Accordingly, the court denies Weiss

a certificate of appealability.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is

granted and Weiss's petition and this action are dismissed with prejudice. The court

denies the petitioner a certificate of appealability. The Clerk shall enter judgment

accordingly.

Dated at Green Bay, Wisconsin this 15th day of July, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
